IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER THORNTON,<br>    Plaintiff,<br><br>v.<br><br>HARPER FAMILY PARTNERSHIP LTD, and<br>HARPO CORPORATION<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>3:14-CV-672-MEF-CSC |

## COMPLAINT

**COMES NOW** the Plaintiff, Christopher Thornton, hereinafter ("Plaintiff") by and through his undersigned counsel, and hereby files this Complaint against the Defendant for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, et. seq, (the Americans With Disabilities Act") and states as follows:

### JURISDICTION AND PARTIES

**1.** This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA") and its implementing regulations. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

**2.** Venue is proper in this Court, the United States District Court for the Middle District of Alabama, pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Middle District of Alabama.

**3.** Plaintiff, Christopher Thornton, is both a resident and citizen of this district within Alabama. Mr. Thornton requires a wheelchair for mobility, as well as suffering other disabilities, so that he is a qualified individual under the Americans with Disabilities Act, ("ADA") and its implementing regulations. Prior to instituting the instant action, Mr. Thornton visited the Defendants' facilities

[1]

at issue in this matter and was denied full, safe and equal access to the facility. Mr. Thornton regularly travels to Opelika, Alabama. Mr. Thornton continues to desire to visit and intends to visit the Defendants' facilities in his regular travels; yet he continues to be denied full, safe and equal access because of the defendants' continuous failure to remove the barriers.

**4.** Defendants, Harper Family Partnership LTD, and Harpo Corporation conduct business within the State of Alabama sufficient to create both general and specific in personam jurisdiction. Harper Family Partnership LTD, is the owner of the real property and improvements at 1702 Fredrick Road, Opelika, Alabama 36801, and Harpo Corporation operates the restaurant commonly known as Cock of the Walk.

**5.** All events giving rise to this lawsuit occurred in the Middle District of Alabama and the Plaintiff and Defendant are citizens thereof.

## COUNT ONE

## (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)

**6.** On or about July 26, 1990, Congress enacted Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 et.seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. (42 U.S.C. §12181; 20 C.F.R. §36.508 (A) ; see also, §36.304)

**7.** As a result of the enactment of Title III of the ADA on or about July 26, 1990, and the subsequent effective date of this same Act on or about January 26, 1992, the Defendants' violations of this Act are intentional violations of Title III of the Americans with Disabilities Act and intentional acts of discrimination against the Plaintiff.

**8.** Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, Cock of the Walk Restaurant is a place of public accommodation in that it is a restaurant open to the public. Accordingly, it is covered by the ADA and must comply with

the Act.

**9.** Mr. Thornton is informed and believes, that the Cock of the Walk was constructed in 1953 and remodeled in 1988. Mr. Thornton alleges that there have been improvements to the parking lot since it was first constructed in 1953, as well as other improvements.

**10.** The Defendants have discriminated, and continue to discriminate, against Mr. Thornton, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Cock of the Walk in derogation of 42 U.S.C. § 12101 et. seq., and as prohibited by 42 U.S.C. § 12182 et-seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(a)(iv), where such removal is readily achievable, or, even if the removal is not readily achievable, by failing to use alternative methods that are readily achievable, 42 U.S.C. § 12182 (b)(2)(v).

**11.** Prior to the filing of this lawsuit, Mr. Thornton visited the restaurant and was denied full and safe access to all of the benefits, accommodations and services offered to individuals without disabilities within and about the Facility. Mr. Thornton's access was inhibited by each of the described architectural barriers detailed in this Complaint which remain at the restaurant in violation of the ADA. Because of the foregoing, Mr. Thornton has suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

**12.** Mr. Thornton has definite plans to continue visiting the facility in the future. Absent remedial action by the Defendants, he will continue to encounter the architectural barriers described herein and as a result, be discriminated against by Defendants on the basis of his disabilities. Due to the definiteness of his future plans to continue visiting the subject facilities, there exists a genuine threat of imminent future injury. The actions of the Defendants have created a hostile environment for the plaintiff at the facilities.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

14. The Cock of the Walk violates the ADA in the parking lot, the entranceways, from the parking lot to and throughout the retail and service areas, the retail and service areas, bathrooms, paths of travel, common areas, and in particular but not limited to:

> a. There is no van accessible signage in the designated ADA parking spaces;
>
> b. There are areas of the parking lot with no accessible signage in the ADA parking spaces;
>
> c. An ADA sign is improperly installed;
>
> d. The ADA parking space on the left side of the facility does not have an access aisle;
>
> e. The restroom entrance lacks directional information signage;
>
> f. The restroom entrance door hardware is impermissible and fails to have door pulls located on both sides;
>
> g. The water supply drain pipes are not insulated;
>
> h. The toilet compartment door fails to have door pulls on both sides, and fails to be self-closing;
>
> i. The rear grab bar is not the proper length;
>
> j. The toilet compartment coat hook, the rear grab bar, the paper towel dispenser, the soap dispenser, and the lavatory mirrors are all improperly installed;
>
> k. There is no ADA accessible sales and service counter;
>
> l. The water closet is too far from the side wall and needs to be relocated;

 **m.** The toilet compartment itself is too small (it does not provide sufficient clear floor space around the water closet for a side transfer);

 **n.** There is insufficient clear floor space for maneuvering at the lavatory sink for a front or side approach due to the toilet compartment door.

**15.** There are other current barriers to access and violations of the ADA at the discriminating facility which are not specifically identified herein, as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff's representatives can all violations be identified.

**16.** To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. Remediation is both readily achievable and technically feasible.

**17.** Mr. Thornton has been obligated to retain the undersigned counsel for the filing and prosecution of this action. He is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. §12205.

**18.** Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an Order to alter the discriminating facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the facilities until the requisite modifications are completed.

**WHEREFORE**, premises considered, Mr. Thornton demands judgment against the Defendants and requests the following injunctive and declaratory relief:

 **1.** That the Court declare that the property owned and business operated by the Defendants are violative of the ADA;

2. That the Court enter an Order directing the Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That the Court enter an Order directing the Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow it to undertake and complete corrective procedures;

4. That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiff; and

5. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted, this the 11th Day of July, 2014.

/s/ *signature*
**L. LANDIS SEXTON (SEX004)**
The ADA Group LLC
2047 Carter Hill Road
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
LLS@ADA-Firm.com
*Attorney for the Plaintiff*

/s/ *signature*
**TRACY G. BIRDSONG**
The ADA Group LLC
2047 Carter Hill Road
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
TGB@ADA-Firm.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the clerk of court the aforementioned complaint for service of process by USPS certified mail, postage prepaid and properly addressed this 11th day of July, 2014 to the following:

**HARPER FAMILY PARTNERSHIP, LTD**
c/o Registered Agent
900 Annabrook Drive
Auburn, AL 36830

**HARPO CORPORATION**
c/o Registered Agent
1702 Fredrick Road
Opelika, AL 36801

/s/ *[signature]*
L. LANDIS SEXTON
Of Counsel